### JOHN A. CALDWELL ET AL. V. JOHN B. PEASLEE.

ENDORSEMENT OF SUMMONS IN FORECLOSURE.

> No endorsement for money is necessary upon a summons in a suit for fore-closure of a mortgage, and personal judgment. The fact that the amount due at the time of filing such petition is endorsed on the summons does not prevent a personal judgment for the amount found to be still due after the sale of the mortgaged premises, *notwithstanding such judgment is in excess* of the amount so endorsed.

**Renner & Renner** and **Johnson & Levy**, for plaintiff in error.

**Gideon C. Wilson**, contra.

## SWING, J.

This was an action in the court of common pleas for the foreclosure of a mortgage and for a personal judgment. The summons contained the following endorsement:

"Summons in action for money; amount claimed, $639.84, for fore-closure of mortgage, sale of real estate and other relief."

The petition alleged that the defendants were the owners and holders of twelve shares of the Consolidated Building & Savings Company of Cincinnati, Ohio, and that said defendants borrowed on said twelve shares the sum of $6,000, for which they executed a mortgage on certain real estate which is described in the petition; that the defendants agreed to pay certain weekly dues, premiums and interest; that the defendants have failed for a great number of weeks to pay either premiums, dues or interest; that the amount in arrears at the time of the filing of the petition is $639.84, the amount indorsed on the summons, but the petition

41 O. C. C. Vol. 24.

asked that the plaintiff have judgment against defendants for the amount that should be due, if any, after the sale of the premises.

Defendants filed no answer, but did file certain motions during the progress of the case, one of which was to make the petition more definite and certain. The court entered up a decree finding the amount due on the mortgage and ordering the sale of the premises, but entering no personal judgment. The property was sold and after applying the proceeds of the sale to the payment of the debt, a large amount remained unsatisfied, and afterwards the court rendered a personal judgment against the defendant for this balance.

It is claimed by the plaintiffs in error that in rendering a judgment for an amount in excess of that endorsed on the summons the court erred.

In Larimer v. Clemmer, 31 Ohio St. 499, the first proposition of the syllabus is as follows:

"In an action for the sale of mortgaged premises and for a personal judgment, pursuant to the act of 1864 (S. & S. 575) no endorsement on the summons as to the amount or nature of the claim is necessary, the case being governed in that respect by Sec. 57 of the civil code [Sec. 5030 Rev. Stat.], but where an endorsement was made which truly indicated the amount for which judgment was afterward taken, and contained the further statement that the plaintiff sought 'equity relief,' a personal judgment and order of sale, rendered in default, will not be reversed."

Under this decision it was not necessary that any amount should be endorsed on the summons, but if for money only, no judgment could be taken for any amount unless endorsed on the summons where judgment was rendered by default. But the plaintiff, having done something that the statute did not require, should not be bound by what was done unless it is clear that the defendants would be misled to their prejudice.

A reading of the petition taken in connection with the summons shows the claim of plaintiff. The amount endorsed on the summons was the amount then due, and was the only amount that the plaintiff was then entitled to have a personal judgment for, but further relief was asked for, and that was that the plaintiff might have a personal judgment for the balance, if any, that remained unpaid after the application of the proceeds of the sale of the mortgaged real estate. The plaintiff took no personal judgment for the amount due at the time of the decree and order of sale, but waited until the property was sold and balance ascertained and then took judgment for the deficiency.

Defendants were not misled by the plaintiff having had endorsed on the summons the necessary statement about the $639.84.

They appeared in court and filed a motion to make the petition more definite and certain; they knew the whole claim of plaintiff and they knew that the endorsement on the summons was for the amount then due at the time of the filing of the petition and that the petition asked for a personal judgment for the full amount that might be due after exhausting the proceeds of the sale of the mortgaged premises.

Judgment affirmed.